■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRASCO, Appellant. [1 NYS3d 69]—

Judgment, Supreme Court, Bronx County (Elizabeth A. Foley, J.), rendered December 19, 2008, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was not repugnant, and the court properly denied defendant's application to resubmit the case to the jury for fur-

ther deliberations. In the abstract, a person can commit a robbery, along with an intentional murder not committed in furtherance of the robbery, without also committing felony murder. "If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*see People v Muhammad*, 17 NY3d 532, 540 [2011]). Defendant's repugnancy argument is unavailing, because it essentially asserts the lack of a reasonable view of the trial evidence to support the jury's mixed verdict, which is a question of factual inconsistency and is not the test for repugnancy (*see id.* at 539-545).

The court properly denied defendant's motion to suppress physical evidence. There is no basis for disturbing the court's credibility determinations. The evidence recovered from defendant's apartment was obtained through the valid consent of a co-occupant with authority over the places where the property was found (*see People v Gonzalez*, 88 NY2d 289, 294 [1996]), or was voluntarily given to the police by a civilian who was not acting as a police agent (*see People v Duerr*, 251 AD2d 161 [1st Dept 1998], *lv denied* 92 NY2d 949 [1998]).

Defendant's statement was not the product of an unlawful arrest. Probable cause was not based solely on an anonymous tip, but on other evidence including the physical evidence lawfully recovered from defendant's apartment, which clearly connected defendant to the crime. Defendant's remaining argument for suppression of his statement is improperly raised for the first time in a reply brief, and we decline to review it in the interest of justice (*see e.g. People v Napolitano*, 282 AD2d 49, 53 [1st Dept 2001], *lv denied* 96 NY2d 866 [2001]).

Defendant's claim that the testimony of the People's DNA expert violated the Confrontation Clause is without merit (*see People v Meekins*, 10 NY3d 136, 159 [2008]). Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.